FILED
RICHARD W. NAGEL
CLERK OF COURT
2020 OCT 20 PM 3:29
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**v.**

**LARRY DEAN PORTER**
**aka "Dean"**

**WILLIAM DAVID COLE**
**aka "Dave"**
**FRANK E. ANDREWS**
**CRYSTAL D. PORTER**
**DENNA S. PORTER**
**ERROLL WAYNE PORTER, SR.**
**aka "Wayne"**
**CHARITY A. RAWLINS**
**RONNIE L. RAWLINS**
**JOSHUA D. ALDRIDGE**
**RALPH A. ALDRIDGE**
**JONATHAN DAVID FLAGG**
**aka "David"**
**aka "Big D"**

**CASE No. : 2:20-CR-095**

**JUDGE SARAH D. MORRISON**

**18 U.S.C § 2**
**18 U.S.C. § 1001**
**18 U.S.C. §§ 1512(b)(3) & (k)**
**18 U.S.C. §§ 1591(a), (b) & (d)**
**18 U.S.C. §§ 1594(a), (c) & (e)**
**18 U.S.C. § 2232(a)**
**18 U.S.C. §§ 2251(a) & (e)**
**18 U.S.C. § 2252(a)(4)(B)**
**18 U.S.C. § 2252A(a)(5)(B)**
**21 U.S.C. § 841(a)(1) & (b)(1)(C)**
**21 U.S.C. § 846**

**SECOND SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

## Introduction

At all times relevant to this Indictment:

The Co-Conspirators and Victims

1. **LARRY DEAN PORTER, aka "Dean,"** (hereinafter **DEAN PORTER**) is an adult male residing in Scioto County, within the Southern District of Ohio, who regularly utilized the Facebook usernames larry.porter.313924, larry.porter.39904181 and larry.porter.16.

2. **WILLIAM DAVID COLE, aka "Dave,"** (hereinafter **DAVE COLE**) is an adult male residing in Scioto County, within the Southern District of Ohio, who regularly utilized the Facebook username dave.cole.946954.

3. **FRANK E. ANDREWS** is an adult male residing in Scioto County, within the Southern District of Ohio, who regularly utilized the Facebook username frank.andrews.125323.

4. **DEAN PORTER, DAVE COLE** and **FRANK E. ANDREWS** were friends and associates, and **DAVE COLE** and **FRANK E. ANDREWS** regularly spent time at **DEAN PORTER's** residence.

5. **CRYSTAL D. PORTER** (hereinafter **"CRYSTAL"**) is an adult female residing in Columbus, Ohio, within the Southern District of Ohio, and is the eldest daughter of **DEAN PORTER**. **CRYSTAL** regularly utilized the Facebook username crystal.porteraldridge.

6. **DENNA S. PORTER** (hereinafter **"DENNA"**) is an adult female residing in Scioto County, within the Southern District of Ohio, and is the youngest daughter of **DEAN PORTER**. **DENNA** regularly utilized the Facebook username denna.porter.

7. **ERROLL WAYNE PORTER, SR., aka "Wayne"** (hereinafter "**WAYNE**") is an adult male residing in Scioto County, within the Southern District of Ohio, and is the cousin of **DEAN PORTER**.

8. **JOSHUA D. ALDRIDGE** (hereinafter "**JOSH**") is an adult male residing in Scioto County, within the Southern District of Ohio. **JOSH** resided with K.M., Minor Victim 1 and Minor Victim 2. **JOSH** frequently visited the residence of **DEAN PORTER**, obtained illegal drugs from **DEAN PORTER** and regularly utilized the Facebook username joshua.aldridge.31.

9. **RALPH A. ALDRIDGE** (hereinafter "**RALPH**") is an adult male residing in Franklin County, within the Southern District of Ohio, and is the husband of **CRYSTAL** and the brother of **JOSH**. **RALPH** made trips to the residence of **DEAN PORTER**, assisted **DEAN PORTER** in obtaining illegal drugs, and utilized the Facebook username ralph.aldridge.50.

10. **CHARITY A. RAWLINS** is an adult female residing in Scioto County, within the Southern District of Ohio. **CHARITY A. RAWLINS** is a relative of Minor Victim 3. **CHARITY A. RAWLINS** frequently visited the residence of **DEAN PORTER** and obtained illegal drugs from **DEAN PORTER**. **CHARITY A. RAWLINS** utilized the Facebook username charity.rawlins.

11. **RONNIE L. RAWLINS** is an adult male residing in Scioto County, within the Southern District of Ohio. **RONNIE L. RAWLINS** is a relative of Minor Victim 3. **RONNIE L. RAWLINS** frequently visited the residence of **DEAN PORTER** and obtained illegal drugs from **DEAN PORTER**. **RONNIE L. RAWLINS** has utilized the Facebook usernames Ronnie.rawlins.54 and Ronnie.rawlins.14.

12. **JONATHAN DAVID FLAGG, (aka "David Flagg", aka "Big D")** (hereinafter **DAVID FLAGG)** is an adult male residing in Scioto County, within the Southern District of Ohio. David Flagg met with **DEAN PORTER** at **DEAN PORTER**'s residence and elsewhere on a regular basis to provide **DEAN PORTER** with oxycodone and other prescription pills that **DEAN PORTER** sold or exchanged for sex acts with women and children. **DAVID FLAGG** regularly utilized the Facebook username david.flagg.77.

13. K.M. is an adult female residing in Scioto County, within the Southern District of Ohio. K.M. is a relative of Minor Victim 1 and Minor Victim 2. K.M. frequently visited the residence of **DEAN PORTER** and obtained illegal drugs from **DEAN PORTER**.

14. T.S. is an adult female residing in Scioto County, within the Southern District of Ohio. T.S. frequently visited the residence of **DEAN PORTER** and obtained illegal drugs from **DEAN PORTER**.

15. Minor Victim 1 is a minor female born in 2008 who resided in Scioto County, within the Southern District of Ohio.

16. Minor Victim 2 is a minor female born in 2006 who resided in Scioto County, within the Southern District of Ohio.

17. Minor Victim 3 is a minor female born in 2006 who resided in Scioto County, within the Southern District of Ohio.

The Sex Trafficking Scheme

18. **DAVID FLAGG** travelled to a pain clinic in Tennessee on a regular schedule, where he obtained opiate pain pills, including oxycodone and oxymorphone. He regularly carried a firearm with him in his vehicle for protection during these trips.

19. **DAVID FLAGG** would meet with **DEAN PORTER** at various locations in Scioto County, Ohio immediately or shortly after his return to Ohio from Tennessee. During those meetings, **DAVID FLAGG** provided **DEAN PORTER** with prescription pain pills he had obtained in Tennessee, with the expectation that **DEAN PORTER** would sell the pills to others and provide **DAVID FLAGG** with at least a portion of the proceeds of those sales.

20. **DEAN PORTER** and **DAVID FLAGG** regularly communicated via Facebook about **DEAN PORTER**'s sales of the pain pills he obtained from **DAVID FLAGG**. During those communications, **DEAN PORTER** would inform **DAVID FLAGG** about the money he had obtained from selling those pills and would inquire when **DAVID FLAGG** intended to

collect the money **DEAN PORTER** had obtained and provide **DEAN PORTER** with a fresh supply of pain pills.

21. In addition to the prescription pain pills that **DEAN PORTER** obtained from **DAVID FLAGG, DEAN PORTER** also obtained marijuana and other prescription pills, from various sources both known and unknown to the Grand Jury.

22. **DAVE COLE, FRANK ANDREWS,** and **RALPH** sometimes assisted **DEAN PORTER** in obtaining the illegal drugs. **DEAN PORTER** frequently communicated with **DAVE COLE** and **RALPH** via Facebook to make arrangements to obtain the illegal drugs.

23. **DEAN PORTER** provided marijuana and pain pills to various individuals in Scioto County, including, K.M, T.S., **CHARITY A. RAWLINS, RONNIE L. RAWLINS, JOSH** and other co-conspirators known and unknown to the Grand Jury. **DEAN PORTER** would provide the above-described drugs to K.M, T.S., **CHARITY A. RAWLINS, RONNIE L. RAWLINS,** and **JOSH** in exchange for cash payment or for sexual acts by K.M., T.S., **CHARITY A. RAWLINS,** and other co-conspirators known and unknown to the Grand Jury.

24. **DEAN PORTER** initially provided marijuana to T.S. when she was a minor, and subsequently began providing her with pain pills free of charge. After a period of time, **DEAN PORTER** began demanding payment from T.S. That payment would frequently be in the form of sexual favors that **DEAN PORTER** demanded from T.S. On more than one occasion, **DEAN PORTER** threatened and inflicted physical harm on T.S. in order to compel her to engage in sex acts with him, with others, and with children, and to prevent her from revealing the sexual acts he was causing her to engage in with children.

25. **DEAN PORTER** initially provided marijuana and pain pills to K.M. and **JOSH** in exchange for cash. When K.M. and **JOSH** could no longer afford the supply of pain pills they

needed, **DEAN PORTER** exchanged the pain pills for sexual acts with K.M. K.M. engaged in sexual acts with **DEAN PORTER** in exchange for pain pills for her and **JOSH**. K.M. subsequently also engaged in sex acts with others, including children, at **DEAN PORTER**'s demand in exchange for prescription pain pills. On more than one occasion, **DEAN PORTER** threatened and inflicted physical harm on K.M. in order to compel her to engage in sex acts with children, provide children to him for sexual purposes, and to prevent her from revealing the sexual abuse of children.

26. **DAVE COLE** and **FRANK E. ANDREWS** were frequently present at **DEAN PORTER's** residence either during, immediately before, or immediately after K.M., T.S., **CHARITY A. RAWLINS,** Minor Victim 1, Minor Victim 2, and Minor Victim 3 visited **DEAN PORTER'S** residence for the purpose of exchanging sex acts for drugs.

27. On at least one occasion, **DAVE COLE** and **FRANK E. ANDREWS** obtained sexual favors from K.M. and T.S. in exchange for the drugs provided by **DEAN PORTER** to K.M. and T.S. On at least one occasion, **DAVE COLE** assisted **DEAN PORTER** in having T.S. transported to **DEAN PORTER**'s residence for the purpose of **DEAN PORTER** physically assaulting T.S.

28. **DEAN PORTER, DAVE COLE, JOSH, CHARITY A. RAWLINS** and T.S., on more than one occasion, transported K.M., T.S., Minor Victim 1, and Minor Victim 2 to or from **DEAN PORTER's** residence for the purpose of exchanging sex acts for drugs.

29. **DEAN PORTER** and **RONNIE L. RAWLINS**, on more than one occasion, transported **CHARITY A. RAWLINS** and Minor Victim 3 to or from **DEAN PORTER's** residence for the purpose of exchanging sex acts for drugs. **CHARITY A. RAWLINS** and **RONNIE L. RAWLINS** also transported K.M., Minor Victim 1 and Minor Victim 2 to and

from **DEAN PORTER's** residence, with knowledge that Minor Victim 1 and Minor Victim 2 were being sexually abused by **DEAN PORTER**.

30. Utilizing the above-described Facebook accounts on his computer or cellular phone, as well as other online communication applications, **DEAN PORTER** regularly communicated with K.M. and **JOSH** regarding his supply of pain pills that he could provide to K.M. and **JOSH** and to make arrangements for K.M., Minor Victim 1, Minor Victim 2, and **JOSH** to visit **DEAN PORTER's** residence for the purpose of buying drugs or exchanging sex acts for drugs. **JOSH** was aware that K.M. exchanged sex for pain pills that **JOSH** received from **DEAN PORTER**, and on at least one occasion, insisted that K.M. continue to engage in such acts so that **JOSH** could obtain pain pills.

31. Utilizing the above-described Facebook accounts on his computer or cellular phone, as well as utilizing landline and cellular phones, **DEAN PORTER** communicated with **CHARITY A. RAWLINS** to discuss his supply of pain pills that he could provide to **CHARITY A. RAWLINS** and **RONNIE L. RAWLINS** and to make arrangements for **CHARITY A. RAWLINS, RONNIE L. RAWLINS** and Minor Victim 3 to visit **DEAN PORTER'S** residence. During their visits to **DEAN PORTER'S** residence, **CHARITY A. RAWLINS** and Victim 3 engaged in sex acts with **DEAN PORTER**, and **CHARITY A. RAWLINS** and **RONNIE L. RAWLINS** obtained drugs from **DEAN PORTER**.

32. Utilizing the above-described Facebook accounts on his computer or cellular phone, **DEAN PORTER** regularly communicated with **DAVE COLE** and **FRANK E. ANDREWS** regarding his drug supply and regarding his interactions with Minor Victim 1, Minor Victim 2, and Minor Victim 3. In some of those communications, **DEAN PORTER**

made arrangements for **DAVE COLE** to assist in transporting K.M., Minor Victim 1, and/or Minor Victim 2 to **DEAN PORTER's** residence.

33. **DEAN PORTER** possessed various firearms that he utilized to intimidate K.M. T.S., Victim 1 and Victim 2, in order to prevent them from reporting his activities. **DEAN PORTER** further utilized threats of bodily harm or actual physical violence to coerce K.M. and T.S. to engage in sex acts with **DEAN PORTER, DAVE COLE,** and **FRANK E. ANDREWS** and to prevent K.M. and T.S. from reporting his activities to law enforcement.

34. In March of 2020, **DEAN PORTER** utilized the Facebook account larry.porter.313924 to communicate with a government source known to the Grand Jury regarding payment to the source in the amount of $80 in exchange for sexual access to a seven-year-old child. **DEAN PORTER** was subsequently arrested by Jackson County authorities as a result of his Facebook communications with the known government source.

<u>The Cover Up</u>

35. Subsequent to his arrest by Jackson County authorities, **DEAN PORTER**, while incarcerated at the Jackson County Jail, within the Southern District of Ohio, communicated via phone with **DENNA, CRYSTAL, WAYNE** and **FRANK E. ANDREWS**. The phone calls were recorded by Jackson County authorities pursuant to policies of the Jackson County Jail.

36. During the recorded conversations between **DEAN PORTER** and **WAYNE** and between **DEAN PORTER** and **DENNA**, they discussed a government source known to the Grand Jury and their belief that the source was working with law enforcement. **DEAN PORTER** directed **WAYNE** to cause bodily harm to the government source if necessary.

37. During the recorded conversations between **DEAN PORTER** and **FRANK E. ANDREWS, DEAN PORTER** directed **FRANK E. ANDREWS** to testify in a particular

manner regarding **DEAN PORTER's** Facebook conversations with the government source that occurred in March of 2020. **DEAN PORTER** and **FRANK E. ANDREWS** further discussed eight discs that were seized from his residence by law enforcement, which were later found to contain child pornography.

38. Also subsequent to the arrest of **DEAN PORTER**, **DENNA, CRYSTAL,** and **DAVE COLE** visited **DEAN PORTER** at the Jackson County Jail.

39. In the week following the arrest of **DEAN PORTER** by Jackson County law enforcement, **DENNA, CRYSTAL, RALPH, FRANK E. ANDREWS, DAVE COLE**, and others known and unknown to the Grand Jury, visited the residence of **DEAN PORTER**. **DAVE COLE** possessed a key to **DEAN PORTER**'s residence, and later provided a key to the residence to **DENNA**.

40. During their trips to **DEAN PORTER's** residence, **DENNA, CRYSTAL, RALPH, FRANK E. ANDREWS** and **DAVE COLE** removed various items from the residence, including SD cards and other digital devices. On at least one occasion when they visited **DEAN PORTER's** residence, **RALPH, CRYSTAL** and **DENNA** utilized shovels to dig in the yard surrounding **DEAN PORTER's** residence. They later claimed to law enforcement officers that they were digging in the yard because they believed that money was hidden there.

41. Throughout the month of March 2020, **CRYSTAL** and **DENNA** communicated with each other and with other associates of **DEAN PORTER** who are known to the Grand Jury, utilizing the Facebook accounts described above, about **DEAN PORTER's** arrest, persons believed to be responsible for that arrest, activity at **DEAN PORTER's** residence, items they took from **DEAN PORTER's** residence, items seized by law enforcement from **DEAN PORTER's** residence, and the content of all of those items.

42. During the time that he was being held at the Jackson County Jail, **DEAN PORTER** sent letters to **DENNA** and other persons known to the Grand Jury. In the letters to **DENNA, DEAN PORTER** requested that **DENNA** bleach down the beds in his residence and contact the government source with whom he arranged to purchase sex with a minor for $80, and offer the source $500 to convince law enforcement to drop the charges against him. In a letter to another individual known to the Grand Jury, **DEAN PORTER** requested that the known individual contact potential witnesses against him, and convince the potential witnesses not to testify against him.

43. Subsequent to the arrest of **DEAN PORTER, CRYSTAL, DENNA, DAVE COLE, WAYNE,** and **FRANK E. ANDREWS** by the FBI in May of 2020, **RALPH** discussed with persons known to the Grand Jury his plans to obtain a firearm in order to take care of an issue in the Portsmouth area. **RALPH** had previously stated to these associates his desire for a particular government source to be killed. The government source is the same individual whom **DEAN PORTER** had previously directed **WAYNE** to harm and whom **CRYSTAL** and **DENNA** believed was working with law enforcement against **DEAN PORTER. RALPH** further requested that his associates take possession of **RALPH**'s cellular phone while he travelled to Portsmouth to handle the issue, so that law enforcement would not be able to track him.

**COUNT ONE**
**(Child Sex Trafficking Conspiracy)**

44. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

45. From in or about 2013, through in or about March of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, aka "Dean," WILLIAM DAVID COLE, aka "Dave," FRANK E. ANDREWS,**

**CHARITY A. RAWLINS, RONNIE L. RAWLINS, JOSHUA D. ALDRIDGE**, and other unnamed co-conspirators known and unknown to the Grand Jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other to:

(A) knowingly entice, harbor, transport, provide, obtain and maintain by any means, in and affecting interstate commerce, persons under the age of 18 years, that is, Minor Victim 1, Minor Victim 2, and Minor Victim 3, individuals known to the Grand Jury, knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1); and

(B) knowingly benefit, financially and by receiving anything of value, from participation in a venture that has engaged in enticing, recruiting, harboring, transporting, providing, obtaining, and maintaining, by any means, in and affecting interstate commerce, persons under the age of 18 years, that is, Minor Victim 1, Minor Victim 2, and Minor Victim 3, individuals known to the Grand Jury, knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 1, Minor Victim 2, and Minor Victim 3 would be caused to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(2) and (b)(1).

In violation of 18 U.S.C. §§ 1591(a)(1) & (2), (b)(1), 1594(c) and 2.

**COUNT TWO**
**(Sex Trafficking by Force Conspiracy)**

46. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

47. Beginning in at least 2012 through in or about March of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, aka "Dean," WILLIAM DAVID COLE, aka "Dave," FRANK E. ANDREWS, JOSHUA D. ALDRIDGE**, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other to:

(A) knowingly entice, harbor, transport, provide, obtain and maintain by any means, in and affecting interstate commerce, individuals known to the Grand Jury, including K.M. and T.S., knowing and in reckless disregard of the fact that means of force, threats of force, fraud or coercion, or any combination of such means, would be used to cause K.M. and T.S. to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1); and

(B) knowingly benefit, financially and by receiving anything of value, from participation in a venture that has engaged in enticing, recruiting, harboring, transporting, providing, obtaining, and maintaining, by any means, in and affecting interstate commerce, individuals known to the Grand Jury, K.M. and T.S., knowing and in reckless disregard of the fact that means of force, threats of force, fraud or coercion, or any combination of such means, would be used to cause K.M. and T.S. to engage in a commercial sex act, in violation of 18 U.S.C. §§ 1591(a)(2) and (b)(1).

In violation of 18 U.S.C. §§ 1591(a)(1) & (2), (b)(1), 1594(c) and 2.

**COUNT THREE**

**(Drug Trafficking Conspiracy)**

48. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

49. Between in or about September of 2014 through in or about February of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendants, **LARRY DEAN PORTER, aka "Dean," WILLIAM DAVID COLE, aka "Dave," FRANK E. ANDREWS, JONATHAN DAVID FLAGG, aka, "David Flagg", aka, "Big D,"** and others known and unknown to the Grand Jury, did knowingly, intentionally and unlawfully conspire and confederate with each other to distribute and possess with intent to distribute, oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) .

In violation of 21 U.S.C. §846.

**COUNT FOUR**
**(Attempted Child Sex Trafficking)**

50. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

51. On or about March 10, 2020, in the Southern District of Ohio, the defendant, **LARRY DEAN PORTER**, did knowingly attempt to recruit, entice, obtain, solicit and maintain by any means, an individual the defendant believed to be a seven-year-old female, in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that such individual was less than 18 years of age and would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a)(1) & (b)(1), and 1594(a).

**COUNT FIVE**
**(Child Sex Trafficking)**

52. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

53. Between in or about 2015 through in or about February of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, JOSHUA D. ALDRIDGE**, along with K.M. and other unnamed co-conspirators known and unknown to the Grand Jury, knowingly recruited, enticed, harbored, transported, provided, obtained and maintained by any means, and attempted to recruit, entice, harbor, transport, provide, obtain and maintain by any means, Minor Victim 1 and Minor Victim 2, minors whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that Minor Victim 1 and Minor Victim 2 had not attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 1 and Minor Victim 2 would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(a) and § 2.

**COUNT SIX**
**(Child Sex Trafficking)**

54. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

55. Between in or about 2012 through in or about October of 2019, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, CHARITY A. RAWLINS**, and **RONNIE L. RAWLINS**, knowingly recruited, enticed, harbored, transported, provided, obtained and maintained by any means, and attempted to recruit, entice, harbor, transport, provide, obtain and maintain by any means, Minor Victim 3, a minor whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, knowing and in reckless disregard of the fact that Minor Victim 3 had not

attained the age of 18 years, and knowing and in reckless disregard of the fact that Minor Victim 3 would be caused to engage in a commercial sex act.

In violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), 1594(a) and 18 U.S.C. § 2.

**COUNT SEVEN**
**(Sexual Exploitation of Children)**

56. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

57. Between in or about July of 2015 and December of 2016, the exact date being unknown to the Grand Jury, in the Southern District of Ohio, the defendant, **LARRY DEAN PORTER**, did employ, use, persuade, induce, entice, and coerce a minor, specifically Minor Victim 1, an approximately seven-year-old female, to engage in sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), for the purpose of producing and attempting to produce any visual depiction of such conduct, to wit: one or more digital images depicting Minor Victim 1 engaged in sexually explicit conduct, including oral sexual intercourse, and the lascivious display of the genitalia; the production of such visual depictions using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, specifically a Nikon camera and a PNY Optima SD card that were manufactured in whole or in part outside of the state of Ohio.

In violation of 18 U.S.C. §§ 2251(a) & (e).

**COUNT EIGHT**
**(Possession of Child Pornography)**

58. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

59. On or about March 9, 2020, in the Southern District of Ohio, the defendant, **LARRY DEAN PORTER**, knowingly possessed matter, that is, digital files stored on a PNY Optima SD card that contained one or more visual depictions; and such visual depictions were

produced using materials that had been shipped and transported in interstate and foreign commerce, the production of such visual depictions having involved the use of minors engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), and such visual depictions being of such conduct, to wit: digital images files depicting Minor Victim 1, an approximately seven-year-old female, engaged in oral sexual intercourse, and the lascivious display of the genitalia.

In violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

**COUNT NINE**
**(Possession of Child Pornography)**

60. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

61. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **FRANK E. ANDREWS,** knowingly possessed one or more computer discs that contained an image of child pornography as defined in 18 U.S.C. § 2256(8), that had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, by any means, including by computer.

In violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

**COUNT TEN**
**(Conspiracy to Obstruct Enforcement of 18 U.S.C. § 1591)**

62. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

63. Between on or about March 10, 2020, through on or about May 27, 2020, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER, FRANK E. ANDREWS, WILLIAM DAVID COLE, DENNA S. PORTER, CRYSTAL D. PORTER, RALPH A.**

**ALDRIDGE**, and **WAYNE PORTER,** did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other to obstruct, attempt to obstruct, or in any way interfere with or prevent the enforcement of 18 U.S.C. §1591(a).

In violation of 18 U.S.C. §§ 1591(d) and 1594(c).

**COUNT ELEVEN**
**(Tampering with a Witness)**

64. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

65. In or about the month of April of 2020, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio, the defendants, **LARRY DEAN PORTER** and **ERROLL WAYNE PORTER, SR.** did knowingly conspire and attempt to intimidate, threaten and corruptly persuade a government source who is known to the Grand Jury, with the intent to hinder, delay or prevent, the known government source from communicating to a law enforcement officer information relating to the commission or possible commission of a Federal offense, to wit, the child sex trafficking activities of **LARRY DEAN PORTER**.

In violation of 18 U.S.C. §§ 1512(b)(3) and (k).

**COUNT TWELVE**
**(Destruction or Removal of Property to Prevent Seizure)**

66. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

67. Between on or about March 11, 2020 and March 20, 2020, in the Southern District of Ohio, the defendants, **WILLIAM DAVID COLE, FRANK E. ANDREWS, CRYSTAL D. PORTER,** and **DENNA S. PORTER,** after the search and seizure of property by law enforcement officers from the Scioto County Sheriff's Office and the Federal Bureau of Investigation, persons authorized to make such search and seizure, did knowingly dispose of and transfer and attempt to dispose of and transfer property, specifically digital devices capable of

storing digital images and videos, for the purpose of preventing and impairing the Government's lawful authority to take said property into its custody and control.

In violation of 18 U.S.C. §§ 2232(a) and 2.

**COUNT THIRTEEN**
**(False Statement to Law Enforcement)**

68. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

69. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **DENNA S. PORTER**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, the defendant stated to Agents of the Federal Bureau of Investigation that she removed personal effects, such as family photos, from the residence of Dean Porter and was digging in the property of Dean Porter for money she believed was buried there. The statements were false because, as the defendant then and there knew, she and others had removed digital devices from the residence of Dean Porter and were searching for buried digital devices when they dug in Dean Porter's yard. It is further alleged that this offense involved violations under Chapter 110 (Sexual Abuse and Other Abuse of Children) and 18 U.S.C. § 1591 (Child Sex Trafficking).

In violation of 18 U.S.C. § 1001(a)(2).

**COUNT FOURTEEN**
**(False Statement to Law Enforcement)**

70. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

71. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **CRYSTAL D. PORTER**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive

branch of the Government of the United States, specifically, the defendant stated to Agents of the Federal Bureau of Investigation that she was not aware of and did not participate in the removal of any digital devices from the residence of Dean Porter and that she was digging in the property of Dean Porter for money she believed was buried there. The statements were false because, as the defendant then and there knew, she had previously been informed that digital devices had been removed from the residence of Dean Porter and she was searching for buried digital devices when she and others dug in Dean Porter's yard. It is further alleged that this offense involved violations under Chapter 110 (Sexual Abuse and Other Abuse of Children) and 18 U.S.C. § 1591 (Child Sex Trafficking).

In violation of 18 U.S.C. § 1001(a)(2).

**COUNT FIFTEEN**
**(False Statement to Law Enforcement)**

72. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

73. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **WILLIAM DAVID COLE**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, the defendant stated to Agents of the Federal Bureau of Investigation that he had no knowledge of Dean Porter interacting with children in a sexual manner. The statement was false because, as the defendant then and there knew, he had communicated with Dean Porter regarding Dean Porter's sexual activities with minor children prior to the time of the defendant's statement to Agents. It is further alleged that this offense involved a violation of 18 U.S.C. § 1591 (Child Sex Trafficking).

In violation of 18 U.S.C. § 1001(a)(2).

**COUNT SIXTEEN**
**(False Statement to Law Enforcement)**

74. The allegations of paragraphs 1 through 43 are incorporated herein by reference.

75. On or about March 24, 2020, in the Southern District of Ohio, the defendant, **RALPH A. ALDRIDGE**, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, the defendant stated to Agents of the Federal Bureau of Investigation that he was not aware of and did not participate in the removal of any digital devices from the residence of Dean Porter, that he was digging in the property of Dean Porter for money he believed was buried there, and that he did not know an individual named Frank Andrews. These statements were false because, as the defendant then and there knew, he was aware that digital devices had been removed from the residence of Dean Porter, he was searching for buried digital devices and/or illegal drugs when he and others dug in Dean Porter's yard, and he knew of and had previously interacted with Frank Andrews. It is further alleged that this offense involved violations under Chapter 110 (Sexual Abuse and Other Abuse of Children) and 18 U.S.C. § 1591 (Child Sex Trafficking).

In violation of 18 U.S.C. § 1001(a)(2).

**FORFEITURE A**

76. The allegations of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for purposes of alleging forfeitures to the United States of America pursuant to the provisions of 18 U.S.C. §§ 1594(d) and (e).

77. As a result of the offenses alleged in violation of 18 U.S.C. § 1591 and/or 18 U.S.C. § 1594 of this Second Superseding Indictment and upon conviction thereof, the defendants, **LARRY DEAN PORTER, WILLIAM DAVID COLE, FRANK E. ANDREWS,**

**CRYSTAL D. PORTER, DENNA S. PORTER,** and **RALPH A. ALDRIDGE** shall forfeit to the United States any and all property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the aforementioned violations, or property traceable to such property; and any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the aforementioned violations, including but not limited to the following:

a) $80 in U.S. Currency;
b) One Bryco Arms 22LR caliber pistol, serial # 308914 and related ammunition;
c) One Samsung S10 E cellular phone, Model SM-G970U, serial # R58M22E3PAH;
d) One Alcatel cellular phone, Model, serial # 015163007736977;
e) One Apple i-Phone 11 cellular phone, serial # DNPZWICLN72N and IMEI # 356555104644128;
f) One Apple iPhone 11 Pro Max cellular phone, serial # F2NZKN48N70G;
g) One Kyocera cellular phone, Model E6560, serial # 014072001939118;
h) One blue SanDisk 8GB SDHC card; and
i) One Apple iPhone 11 with assigned phone number 614-668-7731.

Forfeiture in accordance with 18 U.S.C. §§ 1594(d) and (e) and Rule 32.2 of the Federal Rules of Criminal Procedure.

**FORFEITURE B**

78. The allegations of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 18 U.S.C. § 2253.

79. As a result of the offenses alleged in violation of 18 U.S.C. § 2251 and/or 18 U.S.C. § 2252 of this Second Superseding Indictment, and upon conviction thereof the defendants **LARRY DEAN PORTER** and **FRANK E. ANDREWS** shall forfeit to the United States:

a. All matter containing any visual depiction described in the allegations contained in Second Superseding Indictment in violation of 18 U.S.C. § 2251 and/or 18 U.S.C. § 2252; and

b. All property used or intended to be used to commit and to promote the commission of the aforementioned including, but not limited to, the following:

i. One Asus desktop computer, serial # CM5671-05;
ii. One Dell Desktop computer, service tag # 8DD0MD1;
iii. One PNY Optima 2GB SD card; and
iv. Eight Optical (CD/DVD) discs.

Forfeiture in accordance with 18 U.S.C. §§ 2253(a)(1) and (3) and Rule 32.2 of the Federal Rules of Criminal Procedure.

**FORFEITURE C**

80. The allegations of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures to the United States of America, pursuant to 21 U.S.C. § 853(a)(1) and (2).

81. As a result of the offenses in violation of 21 U.S.C. § 841 and/or 21 U.S.C. § 846 as alleged in this Second Superseding Indictment, and upon conviction thereof, the defendant, **JONATHAN DAVID FLAGG**, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to the following:

a) $165,000.00 in United States currency in the form of a forfeiture money judgment;
b) One Apple iPhone 8, IMEI number 352989097731135
c) One Smith and Wesson hand gun, serial number KBE3949;
d) One Highpoint Ruger 9mm hand gun, serial number P131262;
e) One Marlin Firearms Co. Stainless Model 60 SB Micro-Groove Barrel .22-caliber rifle, serial number 05286853;

f) One Marlin Firearms Co. Glenfield Model .60 .22 caliber rifle, serial number 26442605; and
g) One Smith and Wesson, M&P 40 Shield, Serial number HYJ0153.

82. **Substitute Assets:** If any of the forfeitable property described above, as a result of any act or omission of the defendant, **JONATHAN DAVID FLAGG**:

a) cannot be located upon the exercise of due diligence;
b) has been transferred or sold to, or deposited with, a third party;
c) has been placed beyond the jurisdiction of the court;
d) has been substantially diminished in value; or
e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant, **JONATHAN DAVID FLAGG,** up to the value of the above forfeitable property, including, but not limited to, the following jewelry seized on or about September 28, 2020, from the residence located at 1379 Mohawk Drive, Lucasville, Ohio:

i. A men's silver tone wedding band;
ii. A women's clear stone and gold tone band; and
iii. A women's gold tone and clear stone engagement ring.

Forfeiture in accordance with 21 U.S.C. § 853(a)(1) and (2) and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Foreperson /S/
FOREPERSON

DAVID M. DEVILLERS
United States Attorney

HEATHER A. HILL (IL 6291633)
Assistant United States Attorney

JESSICA W. KNIGHT (0086615)
Assistant United States Attorney

JENNIFER M. RAUSCH (0075138)
Special Assistant United States Attorney