# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY DEAN PORTER, *et al.*,

    Defendants.

Case No. 2:20-cr-95
Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court on Defendant Larry Dean Porter's Motion to Dismiss Sex Trafficking Charges for Lack of Federal Jurisdiction. (ECF No. 382.) The Government opposes. (ECF No. 433.) For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

The Second Superseding Indictment charges Mr. Porter with ten counts. (ECF No. 121.) Relevant to the instant motion are counts one, two, four, five, and six. Counts one and two charge Mr. Porter with child sex trafficking conspiracy and sex trafficking by force conspiracy, respectively. (*Id.*) Count four charges Mr. Porter with attempted child sex trafficking. (*Id.*) Finally, both counts five and six charge Mr. Porter with child sex trafficking. (*Id.*) Each of these counts allege violations of 18 U.S.C. §§ 1591 and 1594, which requires as an element of the offense that Mr. Porter's actions be "in or affecting interstate or foreign commerce."

## II. ANALYSIS

Mr. Porter argues this Court lacks jurisdiction over these federal sex trafficking charges because there is insufficient interstate nexus to prosecute the counts in federal court. (ECF No. 382, PageID 1742.) Specifically, § 1591 requires a defendant's conduct to be "in or affecting interstate or foreign commerce" but Mr. Porter's conduct is inadequate to prove this element because he did not transport anyone across state lines to prostitute them or advertise an alleged victim's sexual services online. (*Id.* PageID 1752.) Rather, all of Mr. Porter's charged acts are alleged to have occurred within Ohio. (*Id.*) Moreover, Mr. Porter urges, the Government's argument that his use of a cellphone and Facebook Messenger create a sufficient interstate nexus is unpersuasive because such use does not go "to the heart of the alleged crime." (*Id.* PageID 1753.)

In response, the Government contends Mr. Porter's motion improperly asks the Court to resolve a factual issue that must be passed on by a jury. (ECF No. 433, PageID 2182, 2184–85.) But even if the Court were to address the merits of Mr. Porter's argument, Sixth Circuit precedent regarding the use of cellphones and Facebook as a connection to interstate commerce refutes Mr. Porter's position. (*Id.* PageID 2182, 2185–90.)

The Government's first argument is dispositive of this matter. A motion to dismiss an indictment or specific counts therein is properly directed toward the adequacy of the indictment to charge an offense. *U.S. v. Sampson*, 371 U.S. 75, 78–79 (1962). The indictment allegations must be taken as true for the purpose of deciding a motion to dismiss; here, that includes the Government's allegation that Mr. Porter's actions were

"in or affecting interstate or foreign commerce." *See Boyce Motor Lines v. U.S.*, 342 U.S. 337, 343 n. 16 (1952); (ECF No. 121.)

As the Sixth Circuit explained in *U.S. v. Riddle*:

> Defendants err in asserting that the interstate commerce argument goes to the court's subject matter jurisdiction. This court has explained that the interstate commerce requirement, while referred to as a 'jurisdictional' element, does not affect subject matter jurisdiction, that is, the court's power to hear a case. Rather, a claim of an insufficient connection to interstate commerce is a challenge to one of the elements of the government's case and is therefore considered a claim about the sufficiency of the evidence.

249 F.3d 529, 535–36 (2001); *see also U.S. v. Degan*, 229 F.3d 553, 556 (2000) ("Whether or not the government makes out the interstate commerce element of an offense has no effect on the district court's subject matter jurisdiction."); *Williamson v. U.S.*, No. 96-2248, 2000 WL 222593, at *2 (6th Cir. 2000) ("In this case, however, the defendant is not really challenging the court's subject matter jurisdiction. Instead, he is challenging the sufficiency of the evidence as to the 'jurisdictional' prong of the carjacking statute.") Because the Court cannot make a pretrial ruling about the strength of the Government's evidence on the interstate commerce element of counts one, two, four, five, and six, the Motion is **DENIED**. *See Universal Milk Bottle Service v. U.S.* 188 F.2d 959, 962 (6th Cir. 1951) ("such issues [of fact] are to be tried by a jury").

### III. CONCLUSION

For the reasons set forth above, Mr. Porter's Motion to Dismiss is **DENIED**. (ECF No. 382.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**